■ MATTHEW SALADINO, Appellant, v DEBRA SALADINO, Respondent. [960 NYS2d 160]—

In a matrimonial action in which the parties were divorced by judgment entered June 26, 2008, the plaintiff former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Jerome Murphy, J.), dated January 25, 2012, as treated the defendant former wife's motion to hold the plaintiff in contempt as a motion, in effect, pursuant to CPLR article 62, for an order of attachment against certain funds, and directed the issuance of an order of attachment upon the defendant's posting of an undertaking.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the motion to hold the plaintiff in contempt.

CPLR 6201 provides, in pertinent part, that "[a]n order of attachment may be granted in any action, except a matrimonial action, where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants." Contrary to the determination of the Supreme Court, since the provisions of CPLR 6201, inter alia, are expressly inapplicable to a matrimonial action, the Supreme Court erred in treating the defendant former wife's motion to hold the plaintiff former husband in contempt as one, in effect, pursuant to CPLR article 62, for an order of attachment and in directing the issuance of an order of attachment upon the defendant's posting of an undertaking (*see* CPLR 6201). Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.